# EXHIBIT A



FHA

# RECORDED PARTIAL CLAIM (PC) COVERSHEET

**FHA Case No.:**

**Order Number:**

**Reference Number:**

Client Name: **ROCKET MORTGAGE, LLC**
Product Type: **PC REC SVC**
State: **PA**
County: **LEBANON**
Re: **ACKERMAN**

Valued Client,

Attached is a copy of the recorded document submitted. Please do not hesitate to contact us should you have any questions.

Thank you for selecting First American Mortgage Solutions.
We sincerely appreciate your business!

Recording Team
Default Title Operations (DTO)
3 First American Way
Santa Ana, CA 92707

E-mail
Toll-Free
Online

This Document Prepared By:
CRYSTAL RADTKE
ROCKET MORTGAGE, LLC
635 WOODWARD AVE
DETROIT, MI 48226
(888) 663-7374

When Recorded Mail To:
FIRST AMERICAN TITLE
DTO RECORDING, MC 4002
4795 REGENT BLVD.
IRVING, TX 75063

_____ [Space Above This Line for Recording Data] _____

9 BRIAR RD, LEBANON, PENNSYLVANIA 17042
(herein "Property Address")

## PARTIAL CLAIMS MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **AUGUST 5, 2023**. The mortgagor is **JAY P. ACKERMAN AND BRENDA M. ACKERMAN, HUSBAND AND WIFE** ("Borrower"), whose address is **9 BRIAR RD, LEBANON, PENNSYLVANIA 17042**. This Security Instrument is given to the **Secretary of Housing and Urban Development**, whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **THREE THOUSAND TWO HUNDRED TWO DOLLARS AND 56 CENTS** (U.S. **$3,202.56**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **MAY 1, 2041**.

Partial Claims Agreement 01312023_105

Page 1

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the County of **LEBANON**, State of **PENNSYLVANIA**:

which has the address of , **9 BRIAR RD, LEBANON, PENNSYLVANIA 17042** (herein "Property Address");

**LEGAL DESCRIPTION**

**PLEASE SEE ATTACHED EXHIBIT 'A'**

Tax Parcel No.
TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."
BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.
THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
    **1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.
    **2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

Partial Claims Agreement 01312023_105

Page 2

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be

Partial Claims Agreement 01312023_105

Page 3

entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or applicable law.

Partial Claims Agreement 01312023_105

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____   8/18/23
Borrower/JAY P ACKERMAN                   Date

Brenda M. Ackerman                        8/18/23
_____
Borrower: BRENDA M ACKERMAN               Date


_____[Space Below This Line for Acknowledgments]_____

**BORROWER ACKNOWLEDGMENT**

State of Pennsylvania
County of Lebanon

This record was acknowledged before me on August 18, 2023 (date) by JAY P ACKERMAN, BRENDA M ACKERMAN (name(s) of individual(s)).

Michelle Au
_____
Signature of notarial officer

Commonwealth of Pennsylvania - Notary Seal
Michelle Allwein, Notary Public
Lebanon County
My commission expires April 14, 2025
Commission number 1394319
Member, Pennsylvania Association of Notaries

Michelle Allwein - Notary Public
_____
Printed Name and Title of office

My commission expires: 4·14·25

Partial Claims Agreement 01312023_105

Page 5

# EXHIBIT A

**THE LAND ASSOCIATED WITH THE PROPERTY ADDRESS REFERRED TO IN THIS DOCUMENT IS SITUATED IN THE TOWNSHIP OF SOUTH LEBANON, COUNTY OF LEBANON AND STATE OF PENNSYLVANIA, AND DESCRIBED AS FOLLOWS**:

BEGINNING AT AN IRON PIPE ON THE WEST RIGHT-OF-WAY LINE OF BRIAR ROAD, AT THE NORTHEAST CORNER OF PROPERTY NOW OR LATE OF CHARLES M. FINK, JR. AND HIS WIFE, JEANETTE FINK, BEING LOT NUMBER 44 ON HEREINAFTER MENTIONED LAND SUBDIVISION PLAN; THENCE ALONG SAME NORTH EIGHTY-ONE (81) DEGREES WEST, ONE HUNDRED FORTY (140) FEET TO AN IRON PIPE; THENCE ALONG PROPERTIES NOW OR LATE OF DANA CORNEL HEIM AND HOWARD L. GALLOP AND HIS WIFE, GLORIA B. GALLOP, RESPECTIVELY, BEING LOTS NO. 52 AND 51 ON SAID PLAN, NORTH NINE (9) DEGREES EAST, EIGHTY-FOUR AND THIRTY-TWO HUNDREDTHS (84.32) FEET TO A POINT AT THE SOUTHWEST CORNER OF PROPERTY NOW OR LATE OF DOMINIC J. BIANCO AND HIS WIFE, BEING LOT NO.42 ON SAID PLAN; THENCE ALONG SAME, SOUTH EIGHTY-ONE (81) DEGREES EAST, ONE HUNDRED FORTY (140) FEET TO THE WEST RIGHT-OF-WAY LINE OF BRIAR ROAD; THENCE ALONG SAID WEST RIGHT-OF-WAY LINE OF BRIAR ROAD, SOUTH NINE (9) DEGREES WEST, EIGHTY-FOUR AND THIRTY-TWO HUNDREDTHS (84.32) FEET TO AN IRON PIPE, THE PLACE OF BEGINNING.

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
PARTIAL CLAIMS MORTGAGE

## BETWEEN:
JAY P ACKERMAN, BRENDA M ACKERMAN (assignor/Mortgagor/grantor)

## AND:
SECRETARY OF HOUSING AND URBAN DEVELOPMENT
(assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
SECRETARY OF HOUSING AND URBAN DEVELOPMENT
451 SEVENTH STREET SW, WASHINGTON, DC 20410

By: *[signature]*

Print Name: Bridget Booker

Title: Vice President





COUNTY OF LEBANON
RECORDER OF DEEDS
Dawn Blauch, Recorder of Deeds
Denise Fravel, 1st Deputy
400 South 8th Street  Room 107
Lebanon, Pennsylvania  17042-6794

Instrument Number - 202309593
Recorded On 8/31/2023 At 9:04:51 AM                         * Total Pages - 8
* Instrument Type - MORTGAGE
* Mortgagor - ACKERMAN, JAY P
* Mortgagee - SECRETARY OF HOUSING AND URBAN DEVELOPMENT

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| JCS/ACCESS TO JUSTICE | $19.00 |
| RECORDING FEES - RECORDER OF DEEDS | $19.00 |
| PARCEL CERTIFICATION FEE | $20.00 |
| AFFORDABLE HOUSING | $18.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| TOTAL PAID | $81.50 |

This is a certification page

DO NOT DETACH

This page is now part
of this legal document.

Lebanon County UPI Certification
On August 31, 2023 By MEK

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office
of Lebanon County, Pennsylvania.

Dawn Blauch
Recorder of Deeds



* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

Book: 2332  Starting Page: 1959  Ending Page: 1966