# ROCKET Mortgage

1050 Woodward Avenue | Detroit, MI 48226

**Modification Cover Letter**

## Loan Information

| | |
|---|---|
| **Loan Number:** | .0012 |
| **Property Address:** | 9 BRIAR RD LEBANON, PA 17042 |
| **Notice Date:** | 02/20/2025 |

BRENDA M ACKERMAN
JAY P ACKERMAN
9 BRIAR RD, LEBANON, PA, 17042

Hi JAY P ACKERMAN and  BRENDA M ACKERMAN,

We're now clear to move to the next steps of your modification.

**Your Modification Terms**

Interest Rate: 3.7500%

Principal Balance: $107,144.66

## Your Monthly Payment Breakdown

| | |
|---|---|
| Principal and Interest Payment: | $734.62 |
| Escrow Payment: (may adjust periodically) | $452.61 |
| Total Payment: | $1,187.23 |
| Next Payment Due Date: | 03/01/2025 |

**Your Next Steps**

1. First American will be calling you to schedule a signing agent appointment. If you haven't already, schedule an appointment with a signing agent by March 6, 2025. The signing agent will require a valid government-issued photo ID for each required signer. The executed Modification Closing Package must be returned no later than March 6, 2025.

2. This is your copy of the Modification Closing Package. Our signing agent will bring a complete printed copy to your closing appointment. The executed Modification Closing Package must be returned no later than March 6, 2025. The signing agent will return the original documents to the following address:
   First American
   Attn:  DTO Signing Service, Mail Code 401
   4795 Regent Blvd.
   Irving, TX 75063

3. Upon the completion of the modification, you can access a copy of the fully executed modification agreement by signing in to your account at RocketMortgage.com.

If you have any questions or concerns, don't forget that we're here to help! You can contact us at (800) 508-0944, Monday – Friday, 8:30 a.m. – 9:00 p.m. ET, and Saturday, 9:00 a.m. – 4:00 p.m. ET. You can also reach us by email at AccountResolution@RocketMortgage.com.

Sincerely,

Your Rocket Mortgage® Team

This communication is from a debt collector and is an attempt to collect a debt.

If you have an active bankruptcy or you received a bankruptcy discharge, we are sending this for informational or legal purposes only. We're not trying to collect against you personally. If you have any questions about this communication or your obligation to pay, please contact your attorney. If you want to send us a Qualified Written Request, a Notice of Error, or an Information Request, you must send it to Rocket Mortgage, LLC, P.O. Box 442359, Detroit, MI 48244-2359, or fax it to (877) 382-3138.

| | |
|---|---|
| **Phone:** (800) 508-0944 | **Hours:** Monday - Friday: 8:30 a.m. - 9:00 p.m. ET |
| **Email:** AccountResolution@RocketMortgage.com | Saturday: 9:00 a.m. - 4:00 p.m. ET |
| **Secure Fax:** (877) 380-5084 | |

"A"

This Document Prepared By:
**CRYSTAL RADTKE**
**ROCKET MORTGAGE, LLC**
**635 WOODWARD AVE**
**DETROIT, MI 48226**
**(888) 663-7374**

When Recorded Mail To:
**FIRST AMERICAN TITLE**
**DTO RECORDING, MC 4002**
**4795 REGENT BLVD.**
**IRVING, TX 75063**

**Tax/Parcel #:**
_____ [Space Above This Line for Recording Data] _____

FHA Case No.: **8 0 703**
Loan No: . **0012**

# PARTIAL CLAIM MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **FEBRUARY 20, 2025**. The mortgagor is **JAY P. ACKERMAN AND BRENDA M. ACKERMAN, HUSBAND AND WIFE** ("Borrower"), whose address is **9 BRIAR RD, LEBANON, PENNSYLVANIA 17042.** This Security Instrument is given to the **Secretary of Housing and Urban Development**, whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **FIVE THOUSAND FIVE HUNDRED TWENTY-SIX DOLLARS AND 47 CENTS** (U.S. S5,526.47). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **MAY 1, 2041.**

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this

Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the County of **LEBANON**, State of **PENNSYLVANIA**:

which has the address of , **9 BRIAR RD, LEBANON, PENNSYLVANIA 17042** (herein "Property Address");

**LEGAL DESCRIPTION**

**PLEASE SEE ATTACHED EXHIBIT 'A'**

Tax Parcel No.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal.** Borrower **shall** pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that

Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

    **4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

    **5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

    **6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

    NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_Jay Ackerman_

Borrower: **JAY P ACKERMAN**

3/4/25
Date

_Brenda M Ackerman_

Borrower: **BRENDA M ACKERMAN**

3/4/25
Date

_____[Space Below This Line for Acknowledgments]_____

**BORROWER ACKNOWLEDGMENT**

State of PENNSYLVANIA
County of ____Lebanon____

This record was acknowledged before me on _March 4, 2025_ (date)
by JAY P ACKERMAN, BRENDA M ACKERMAN (name(s) of individual(s)).

_____This notarial act involved the use of communication technology.

_Beth C Lawson_                                    (Stamp)

Signature of notarial officer

_Beth C Lawson - Notary Public_

Printed Name and Title of office

My commission expires: _March 18, 2025_

Commonwealth of Pennsylvania - Notary Seal
BETH C LAWSON - Notary Public
Dauphin County
My Commission Expires March 18, 2025
Commission Number 1207681

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
**PARTIAL CLAIM MORTGAGE**

## BETWEEN:
**JAY P ACKERMAN, BRENDA M ACKERMAN** (assignor/Mortgagor/grantor)

## AND:
**ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC F/K/A QUICKEN LOANS INC., BY FIRST AMERICAN TITLE INSURANCE COMPANY, AS ITS ATTORNEY-IN-FACT**
(assignee/Mortgagee/grantee)


I do hereby certify that the precise address of the within named Mortgagee is:
**SECRETARY OF HOUSING AND URBAN DEVELOPMENT**
**451 SEVENTH STREET SW, WASHINGTON, DC 20410**


By: _____

Print Name: _____Abigail Gell-McCully_____
Vice President
Title: _____

!0012

## Addendum

This Addendum is made a part of that Partial Claims entered into between **Secretary of Housing and Urban Development** (the "Lender") and **JAY P. ACKERMAN AND BRENDA M. ACKERMAN, HUSBAND AND WIFE** (the "Borrower") dated **FEBRUARY 20, 2025** the " Partial Claims").

Notwithstanding anything to the contrary contained in the Partial Claims, the parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.

Notwithstanding any monthly payments hereunder, Borrower understands that (1) Lender's sole recourse is the enforcement of its security interest in the Property and any action which may exist in relation to the Property itself and that (2) nothing in this Agreement revives or purports to revive any debt, or create any personal liability or obligation for a debt, that was discharged in bankruptcy.

_____                          _____
Lender Signature                                                                                                      Date
By:
Title:

_____                          3/4/25
Borrower: **JAY P ACKERMAN**                                                                         Date

_____                          3/4/25
Borrower: **BRENDA M ACKERMAN**                                                            Date

# PROMISSORY NOTE

**FEBRUARY 20, 2025**       **LEBANON**              **PENNSYLVANIA**
[Date]                                   [City]                           [State]

**9 BRIAR RD, LEBANON, PENNSYLVANIA 17042**
[Property Address]

### 1. PARTIES.

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **FIVE THOUSAND FIVE HUNDRED TWENTY-SIX DOLLARS AND 47 CENTS (U.S. $5,526.47)**, to the order of Lender.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. PAYMENT OF PARTIAL CLAIM

**(A) Time.**

HUD will not require payment on the Partial Claim until the first of the following events occurs:
(i) The maturity of the Mortgage, **MAY 1, 2041**, the sale of the Property, the Payoff of the Mortgage, or
(ii) if provided for under the Partial Claim note, the termination of FHA insurance, except that HUD will agree to subordinate the Partial Claim note to an FHA-Streamline Refinance.

**(B) Place.**

Payment shall be made at the **Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as Lender may designate in writing by notice to Borrower.

### 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person

individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

, _____     3/4/25
**JAY P ACKERMAN**                         Date

, _____     3/4/25
**BRENDA M ACKERMAN**                   Date

Date: **FEBRUARY 20, 2025**
Loan Number: **0012**
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **JAY P ACKERMAN, BRENDA M ACKERMAN**

Property Address: **9 BRIAR RD, LEBANON, PENNSYLVANIA 17042**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

Borrower _____    3/4/25
**JAY P ACKERMAN**                                              Date

Borrower _____    3/4/25
**BRENDA M ACKERMAN**                                      Date

Date: **FEBRUARY 20, 2025**
Loan Number: **0012**
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **JAY P ACKERMAN, BRENDA M ACKERMAN**

Property Address: **9 BRIAR RD, LEBANON, PENNSYLVANIA 17042**

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the replacement or correction of, any lost, misplaced, misstated or inaccurate document(s) or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

**JAY P ACKERMAN**                                                    Date: 3/4/25

**BRENDA M ACKERMAN**                                          Date: 3/4/25

# ROCKET Mortgage

**Correction Agreement**

1050 Woodward Avenue | Detroit, MI 48226

**Loan Information**

| | |
|---|---|
| **Loan Number:** | .0012 |
| **Property Address:** | 9 BRIAR RD LEBANON, PA 17042 |
| **Notice Date:** | 02/20/2025 |

BRENDA M ACKERMAN

JAY P ACKERMAN

9 BRIAR RD, LEBANON, PA, 17042

Hi JAY P ACKERMAN and BRENDA M ACKERMAN,

By signing this, you are agreeing to the below:

I/We authorize First American Title Insurance Company to correct any typographical or clerical errors in my/our loss mitigation documentation, including any loan modification agreement, FHA partial claim mortgage or other documentation that I/we signed in connection with my/our loss mitigation solution approved by Rocket Mortgage, LLC. First American Title Insurance Company is authorized to place my/our initials on my/our behalf on the documents where the changes are made.

Examples of typographical or clerical errors that First American Title Insurance Company can correct on my/our behalf include the following:

- Errors in the spelling of my/our name or my/our mailing or property address
- Adding the legal description of my/our property if it was inadvertently omitted
- Correcting any dates to accurately reflect my/our signing date
- Correcting errors or adding information to ensure the title vesting on the loss mitigation documentation matches the title to my/our home as it appears on the most recent deed
- Correcting errors with the identification of the recorded mortgage on my/our modification agreement
- If applicable, adding the name of my/our condominium or planned urban development (PUD) project if it was inadvertently omitted

**This Correction Agreement will not be used in any way to change the terms of my/our loss mitigation solution, including my/our new interest rate, loan term, loan amount or monthly payment as set forth in my/our approval letter.**
If this Correction Agreement is used, I/we will be notified and receive a copy of the corrected document.
By signing this, I/we authorize First American Title Insurance Company to sign my/our initials on my/our behalf to correct any typographical or clerical errors in my/our loss mitigation documentation.

If this Correction Agreement is used, I/we will be notified and receive a copy of the corrected document.

_Jay Ackerman_     3/4/25
JAY P ACKERMAN     Date

_Brenda M Ackerman_     3/4/25
BRENDA M ACKERMAN     Date

This communication is from a debt collector and is an attempt to collect a debt.
If you have an active bankruptcy or you received a bankruptcy discharge, we are sending this for informational or legal purposes only. We're not trying to collect against you personally. If you have any questions about this communication or your obligation to pay, please contact your attorney. If you want to send us a Qualified Written Request, a Notice of Error, or an Information Request, you must send it to Rocket Mortgage, LLC, P.O. Box 442359, Detroit, MI 48244-2359, or fax it to (877) 382-3138.

**Phone:** (800) 508-0944

**Email:** AccountResolution@RocketMortgage.com

**Secure Fax:** (877) 380-5084

**Hours:** Monday - Friday: 8:30 a.m. - 9:00 p.m. ET
Saturday: 9:00 a.m. - 4:00 p.m. ET